UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| ALEXANDER RIVERA,<br><br>    Plaintiff,<br><br>v.<br><br>63 ELM STREET REALTY, LLC<br>d/b/a MONTCLAIR TOWERS, and<br>MICHAEL KARIMI,<br>individually,<br><br>    Defendants. | Civil Action No.<br><br>2:11-CV-00841-SDW-SCM<br><br><br>**ON MOTION TO DISMISS [D.E.43]<br>FOR FAILURE TO COMPLY WITH<br>COURT ORDERS<br>AND FOR FAILURE TO PROSECUTE** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

I.  **INTRODUCTION**

Before the Court are defendants 63 Elm Street Realty, LLC's and Michael Karimi's (hereinafter "Defendants") Motion to Dismiss the Complaint of plaintiff Alexander Rivera. (ECF Docket Entry No. ("D.E.") 43). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, has referred the instant matter to the undersigned for report and recommendation. (D.E. 44). For the reasons set forth herein, it is respectfully recommended that this action be **dismissed without prejudice**.

1

**II. BACKGROUND AND PROCEDURAL HISTORY**

On February 15, 2011, plaintiff Alexander Rivera ("Plaintiff') filed his complaint against defendants 63 Elm Street Realty, LLC and Michael Karimi. (D.E. 1). Plaintiff asserted that, while working more than 40 hours per week as a building superintendent for the Defendants' residential apartment building, the Defendants refused to pay him time and a half for working overtime. *Id.* Plaintiff alleged wage violations under the Fair Labor Standards Act of 1938 ("FLSA"), as well as under the New Jersey Wage Payment Law ("NJWPL"). *Id.*

Due to the fact that the matter was pending for more than four months without any proceeding, on April 2, 2013, Judge Wigenton dismissed the case without prejudice. (D.E. 13). However, at the request of Plaintiff's counsel (D.E. 14), Judge Wigenton reopened the case and placed it back on the Court's active docket on April 25, 2013. (D.E. 15).

After numerous discovery issues and extensions, Plaintiff's counsel filed a Motion to Withdraw as Attorney. (D.E. 33). The Motion hearing was held on December 16, 2014 before the Honorable Steven C. Mannion (D.E. 37), and was subsequently granted the following day. (D.E. 38). During this hearing, Plaintiff notified the Court that he would continue the matter *pro se*. *Id.*

Upon the Motion made by the Defendants for an Order compelling Plaintiff to produce the outstanding discovery responses (D.E. 39), on January 5, 2015, Judge Mannion directed the Plaintiff to answer the Defendants' discovery demands by January 26, 2015.  (D.E. 40).  Plaintiff was also ordered to schedule a deposition with the Defendants, which was supposed to occur no later than February 9, 2015.  *Id.*  Plaintiff was notified that if he were to "fail to appear for depositions on the scheduled date, time and location agreed upon, upon application by Defendants' counsel, Plaintiff's complaint may be dismissed." *Id.*  Nevertheless, Plaintiff failed to abide by either of these orders as Plaintiff did not provide the Defendants with the requested discovery responses and did not make himself available for a deposition by February 9, 2015. (D.E. 43).

By Text Order, Defendants were granted leave to move for discovery sanctions by March 9, 2015 for Plaintiff's failure to appear for deposition. (D.E. 42).  On March 9, 2015, Defendants filed their Motion to Dismiss. (D.E. 43).

A telephone conference was set for April 13, 2015 before Judge Mannion; however, Plaintiff failed to submit papers showing good cause why the case should not be dismissed, and failed to appear for the telephone conference.  Counsel for Defendant did call in.

3

### III. LEGAL STANDARD AND ANALYSIS

Courts have the authority to dismiss a lawsuit for a party's failure comply with the court's orders and for a party's failure to prosecute. Fed.R.Civ.P. 16(f)(1)(C), 37(b)(2)(A)(v), 41(b). This case should be dismissed for both reasons.

#### A. Rule 41, Failure to Prosecute

The Complaint in this matter may be dismissed by the District Court pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) allows a court to dismiss an action for failure to "prosecute or to comply with [the] rules or a court order." Fed.R.Civ.P. 41(b). Ordinarily, to ensure "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the court must consider the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before dismissal. However, the *Poulis* factors need not be considered where the dismissal is without prejudice. *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n.5 (3d Cir. 2007).

Local Civil Rule 41.1 similarly provides that civil cases "which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution . . . unless good cause is shown with the filing of an affidavit or other document

4

complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."

Here, the docket shows Plaintiff's last significant involvement in the case was on October 10, 2014. His former counsel appeared for a telephone conference with the Court. (D.E. 32). Thereafter, Plaintiff's counsel moved to withdraw and the motion was not opposed. (D.E. 33).

Plaintiff and all counsel were ordered to appear for the motion hearing. (D.E. 36). Plaintiff was late, but did appear for less than one minute on December 16, 2014. He entered the Court room and was told that this was a hearing in which his then attorney was moving to be relieved as counsel. Plaintiff then excused himself under pretense of needing to use the restroom and never returned. (D.E. 37).

Plaintiff has failed to prosecute his claims or to defend against motions seeking relief against him for well over 120 days. Good cause for his failure has thus far not been shown.

**B. Rule 16(f), Failure to Comply With Court Orders**

Federal Rules of Civil Procedure 16(a) through (e) prescribe standards governing pretrial conferences, scheduling orders, and case management. Rule 16(f) authorizes sanctions for violations of the standards. It provides, in relevant part, that "[o]n motion or on its own, the court may issue any just

5

orders ... if a party or its attorney ... fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(f)(1)(C). This provision expressly incorporates the menu of sanctions available in Rule 37(b)(2)(A)(v), among others, for dismissal following a failure to comply with a discovery order.

Here, Plaintiff, along with all counsel, was ordered to appear for the December 16, 2014 motion hearing. (D.E. 36). Plaintiff appeared for less than one minute, excused himself, and never returned. (D.E. 37). That was his first non-compliance.

Next, Plaintiff failed to comply with an Order, (D.E. 40) from the Court to produce discovery and appear for a deposition. So, Defendants moved to dismiss on March 9, 2015. (D.E. 43). Plaintiff has not opposed the motion, has not contacted the Court or defense counsel.

This Court then scheduled a telephone status conference for April 13, 2015. (D.E. 42). Defense counsel telephoned in for the conference on the record. Plaintiff did not call in for the telephone status conference and did not contact the Court or defense counsel. This was Plaintiff's third violation of a Court order.

Clearly, Defendants cannot move forward without discovery and the Court cannot manage the case without Plaintiff's compliance. Plaintiff's Complaint should therefore be dismissed

6

**without prejudice** pursuant to Rules 16(f) and 37(b)(2)(A)(v).

### IV. CONCLUSION

For the reasons articulated herein, the undersigned recommends that this matter be **dismissed without prejudice** for failure to prosecute and for failure to comply with the Court's orders. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2) to show that they have valid claims and to provide proofs that they have respectively been actively pursuing their claims.

The Clerk will mail copies of this Report to the Plaintiff at the address set forth below.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/15/2015 5:11:21 PM

c (via ECF):

Defense Counsel

c (via U.S. Mail):

Alexander Rivera
122 Grand Concourse
Bronx, New York 10456

7